980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ann FRANCO, Plaintiff-Appellant,
v.
NATIONAL VAN LINES, INC.; Starving Students, Inc.,
Defendants-Appellees.
Ann FRANCO, Plaintiff,
and
Louis G. Fazzi, Esq., Appellant,
v.
NATIONAL VAN LINES, INC.; Starving Students, Inc.,
Defendants-Appellees.
 Nos. 89-55697, 89-55699.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Nov. 13, 1992.
 
 Before POOLE, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ann Franco appeals pro se the judgment after a jury trial and the denial of her post-judgment motion for attorney's fees. Franco received an award of $32,551 for personal property damaged by National Van Lines and Starving Students (collectively, National) while moving. Franco claims that the award was inadequate. Franco's trial attorney, Louis Fazzi, also appeals the denial of the attorney's fees motion, and the refusal of the court to award Rule 11 sanctions.
 
 
 3
 On Franco's appeal, we affirm. We dismiss Fazzi's appeal for lack of standing.
 
 DISCUSSION[1]
 
 4
 Franco asserts that the jury verdict was inadequate. In reviewing a jury's damages award, we must uphold the jury's "finding of the amount of damages unless the amount is 'grossly excessive or monstrous,' clearly not supported by the evidence,' or 'only based on speculation or guesswork.' " Los Angeles Memorial Coliseum Comm'n v. National Football League, 791 F.2d 1356, 1360 (9th Cir.1986) (citations omitted), cert. denied, 484 U.S. 826, 108 S.Ct. 92, 98 L.Ed.2d 53 (1987).
 
 
 5
 The jury awarded Franco $32,551. In her second amended complaint, Franco prayed for an award in excess of $100,000. On appeal she states that her damages were closer to $250,000. Review of the record shows that the evidence presented concerning the value of the lost and damaged property was highly disputed. Moreover, the evidence as to which items of property were actually shipped and their condition at the time of shipping was hotly contested. The jury reasonably could have discounted the full amount sought by Franco. Of course, this panel cannot substitute its damages calculation for that of the jury. The jury's award, neither grossly inadequate nor the product of pure speculation, must be upheld.
 
 
 6
 The district court denied Franco's post-judgment motion for attorney's fees on the ground that at trial Franco failed to present any evidence supporting her entitlement to fees under 49 U.S.C. § 11711(d)(1)(3), which requires that Franco prove that she adequately requested arbitration and that National failed to make an acceptable alternative dispute resolution venue available. The Pre-Trial Conference Order, to which the parties agreed, stated that the factual issues "to be litigated at the trial," included "[w]hether the Plaintiff requested arbitration and whether or not National Van Lines was and is ready, willing and able to arbitrate the matter pursuant [to] 49 U.S.C. [s] 11711 so that there is a determination whether the Plaintiff would be entitled to the recovery of attorney's fees."
 
 
 7
 Rule 16(e) of the Federal Rules of Civil Procedure states that after a pre-trial conference, "an order shall be entered reciting the action taken. This order shall control the subsequent course of the action unless modified by a subsequent order." See also U.S.Cent.Dist.Cal.Loc.R. 9.8.3. At the hearing on the attorney's fees motion, the district court found a substantial factual dispute as to whether Franco timely requested arbitration, and as to whether an adequate dispute resolution program was made available to her.
 
 
 8
 Given those outstanding factual controversies, the district court held Franco to the terms of the Pre-Trial Conference Order. The court did not hold that Carmack Amendment attorney's fees claims must always be litigated during trial, but rather that Franco and National agreed that the underlying facts would be, and a pre-trial order directing that had been issued. As the court's action was not arbitrary, but rather based upon its own valid order and the parties' own agreement, it was not an abuse of discretion.
 
 
 9
 Fazzi, who filed no appeal for his client, nevertheless seeks to personally appeal the court's refusal to award attorney's fees to her. However, the statute does not provide for fee awards to counsel; it provides for an award to the shipper. 49 U.S.C. § 11711(d). Franco, not Fazzi, was the shipper. As the Supreme Court has indicated in a similar context, by enacting this statute Congress has not "bestowed fee awards upon attorneys...." Evans v. Jeff D., 475 U.S. 717, 731-32, 106 S.Ct. 1531, 1539-40, 89 L.Ed.2d 747 (1986). Thus, Fazzi has no standing to prosecute this appeal. He was not a party in the district court; he is not one here either. The same applies to his claim that Franco was not awarded Rule 11 sanctions.[2] See Fed.R.Civ.Proc. 11.
 
 CONCLUSION
 
 10
 AFFIRMED, as to appeal No. 89-55697. Appeal No. 89-55699 is DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As a preliminary matter, we note that Franco's appeal was timely, as she filed her notice within the fourteen day period specified by Federal Rule of Appellate Procedure 4(a)(3). As it turned out, National later successfully moved for voluntary dismissal of its appeal, and filed no papers seeking affirmative relief with this court
 
 
 [2]
 In any event, his argument for fees fares no better than hers does, and we see no merit in the claim that the district court abused its discretion when it denied Rule 11 sanctions